Read, J.
In this case, had there been no will, the wife, as next of kin, would inherit the whole personal estate by the express letter i.f the act of 1831, regulating the descent and distribution of personal estate. This provision of the statute respecting personal estates that came not by descent, decreeing a deed of gilt, reads as jollows: “ That when any person shall die intestate, or who has heretofore died intestate, leaving no one of kin of the blood of the intestate; or if the kin or heirs of the blood of such intestate bo *147 aliens residing out of this state, the estate of such intestate shall pass to, or be vested in, the husband or wife, relict of such intestate, unless such alien or aliens shall appear and prosecute his or her claim within ten years after the death of such intestate ; provided that the alien heir of any intestate who has heretofore died, shall bo allowed fifteen years from the death of such intestate, to assert his or her claim to the estate of the intestate.”
The bill sets up every fact necessary to give the estate to the complainant, as wife, if in fact it be personal estate; and the fact that the husband made a will, does not take the case out of the statute. The land named in the will was directed by the testator to bo converted into money, which has been done. This changes the realty into personal estate.
By the will, just debts are directed to be paid, and seven dollars per annum are given to the Bethel Church, for the support of the gospel. The money arising from the sale of the land is to be put at interest, one-third of which is to bo paid an'nually to the wile of the testator, during her natural life. The testator then declares, “ it is my will that the money aforesaid go to my *lieirs.”
The law determines who are a man’s heirs, and this leaves that portion of the estate not specifically disposed of by the will, to the statute of descents and distribution, to designate the heirship precisely as though no will had been made. That act, under the circumstances alleged in the bill, declares the wife an heir. The complainant, the widow of the testator, as legatee and heir, then takes the entire estate, by the express direction of the will, as well as by the operation of the act. The will, after having carried out certain interests, declares that the estate shall go to his heirs; the statute declares the same thing. The fact that a provision has been made for the wife by the will, does not prevent her from being an heir. Under certain circumstances she would not have been the heir; but there being none under the statute capable of inheriting, it declares her to be the heir. If we should hold, or, could hold, that to make the wife the heir violated the intention of the testator, it would be declaring that it was his intention expressed in the will, that if he had no heirs capable of inheriting but the wife, his estate should escheat to tho State of Ohio. Such construction would neither be in accordance with the intention of the testator, nor the spirit of our laws.
The complainant, then, having the whole interest, is entitled *148 to tho relief sought against the executors — the Bethel Church being secured in its legacy. Demurrer remanded, leave to answer, and cause remanded for further proceedings.