Boynton, J.
The judgment of the district court declares, in effect, that the mortgage of Simon Rohrer to the plaintiff in error conveyed no interest acquired by the former in the estate of his father by virtue of the provisions of the will. The reason assigned in support of this conclusion is, that the testator’s direction to his executor to sell his real estate and to divide the proceeds of sale, as provided in the will, operated in equity to convert the reality into personalty (.Furguson v. Stuart’s ex’rs, 14 Ohio St. 140), and that, inasmuch as the mortgage does not purport to convey or pledge any interest in the personal estate, or in the proceeds of the sale of the real estate, to-secure the payment of the mortgage debt, the plaintiff' acquired no interest in the avails of the sale made by the executor under the power given by the will.
In this holding we think there was error. The rights of the parties rest, and are to be determined wholly upon considerations of equity.
If, as between Simon Rohrer and the plaintiff in error, the latter acquired, by his mortgage, a lien upon that *375 part or share of the proceeds of the sale of the real estate of the testator which would belong to Simon when the executor should execute the power of sale, it is very manifest that the judgment was wrong, unless the defendant, Dague, had acquired a lien upon such fund superior-to that of the plaintiff. That he acquired or possessed such lien before the execution and delivery of the mortgage, is not claimed. Nor did he acquire one by the commencement of the action, unless the case is one in which he is entitled to a judgment subjecting to the payment of the debt upon which he was surety, equities belonging to the principal debtor. That the case is one of that character is extremely doubtful; for, if he may proceed by petition, in the nature of a creditor’s bill, iipon the facts stated, to reach and subject equities to the payment of such debt, his rights would not only be superior to the creditor’s but his rights, as surety, before he pays the debt of his principal, would be superior to those arising upon and by reason of its payment; as in the case of payment, he would be required to reduce his claim to judgment, and exhaust his legal remedies, before resort could be had to equity to enforce its collection. It is true that section 500 of the code, under which it is said the action below was brought, authorized, and the revised code now authorizes, a surety to maintain an action against his principal, to compel him to discharge the debt or liability for which the surety is bound, after the same becomes due. But equity authorized the same thing to be done before the code was enacted. Ranelaugh v. Hayes, 1 Vern. 190; Hayes v. Ward, 4 John. Ch. 123; Story’s Eq. Jur. § 730. The only necessary parties defendant in such ease, the claim not having been reduced to judgment, were the creditor and the principal debtor; and the judgment rendered, required the principal to pay the debt to the creditor, or to the clerk of the court for him, and in case of default, execution was awarded. But, as the executor is not here complaining of the judgment, it is not necessary to a decision of the case, to determine whether the original action was well brought or not; and I have said this *376 much respecting the right to maintain it, more for the purpose of showing that no lien upon the fund sought to be reached was acquired by its commencement, than to establish the fact that there is no ground stated upon which it can be maintained at all. The undenied averments of the answer of the plaintiff in error, conclusively show that Simon Rohrer intended to secure the payment of the sum borrowed of the plaintiff in error by transferring as security therefor, the entire interest acquired under his father’s will in the real estate devised, and when sold, in the proceeds of the sale; and the fact is equally clear, that the money was loaned by the plaintiff on the faith of such security, and in the full belief that he had acquired a lien on such interest, whether denominated real ■or personal, or whether the interest was legal.or equitable. Hence, no prejudice resulting to intervening rights of third persons, if the mortgage failed to express the intention of the parties with sufficient clearness to enable the court to carry the same into effect, equity would reform it, although the mistake consisted in misapprehending or misjudging its legal effect. Evants v. Strode’s Adm’r, 11 Ohio, 480; Clayton v. Freet, 10 Ohio St. 544.
But there is no necessity for such reformation. The intention of the parties is sufficiently apparent. The legal title to the property mortgaged, at the date of the mortgage, was in Simon Rohrer. It was, therefore, quite natural to regard his interest as consisting of real, as distinguished from personal estate, although there was an unexecuted power of' sale outstanding, the execution of which would divest his title, and pass it to the purchaser under the sale made by the executor. But whether the thing mortgaged was called land or money, or however it was described, is quite immaterial in a court of equity, where the substance and not the form of the transaction is regarded. The mortgagor intended the mortgage to cover his interest in the property, whether classed as real or personal estate. The mortgage, therefore, operated as an equitable assignment of Simon Rohrer’s interest in the *377 proceeds of the sale of the real estate, as security for the payment of the mortgage debt.
This being the substance, and, within the contemplation of the parties, the essential character of the transaction, equity will carry the same into effect. Simon Eohrer neither questions its character nor disputes its validity. Nor could he do so successfully if he were so inclined. And as the defendant Dague had no lien upon the fund sought to be reached when the mortgage was executed, his rights, at most, are no better or higher than those of Simon Eohrer. The judgment in his favor was therefore erroneous.

Judgment reversed.